IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MARK T.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-18-0513 |
| | ) | |
| **NANCY A. BERRYHILL**, | ) | |
| | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Mark T. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 16, and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 20. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REVERSES** and **REMANDS** the Administrative Law Judge's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

1

## I. Procedural Background

On April 25, 2014, Plaintiff filed for DIB under Title II. R. 12, 67-76. On May 6, 2014, Plaintiff filed for SSI under Title XVI. R. 12, 77-86. For both claims, Plaintiff alleged disability beginning June 11, 2013. R. 12, 67-68, 77-78. Plaintiff alleged disability due to "high blood pressure, anxiety and PTSD." R. 67, 77, 90, 104. Plaintiff's claims were initially denied on July 17, 2014, and upon reconsideration on September 2, 2014. R. 12, 76, 86, 89-116, 121-39. On September 16, 2014, Plaintiff requested an administrative hearing. R. 12, 145-46. A hearing was held before an administrative law judge ("ALJ") on November 17, 2016. R. 12, 33-66, 122, 157, 169, 172-75. On February 23, 2017, the ALJ denied both of Plaintiff's claims. R. 12-28. Plaintiff sought review of this decision by the Appeals Council, which concluded on December 22, 2017, that there was no basis for granting Plaintiff's Request for Review. R. 1–3. Plaintiff appealed that decision by filing the instant proceeding on February 21, 2018. ECF No. 1.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the administrative law judge ("ALJ") "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md.

2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164.
"It means such relevant evidence as a reasonable mind might accept as adequate to support
a conclusion."  *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*,
907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal
quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be
somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a
verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court
"determine the weight of the evidence" or "substitute its judgment for that of the Secretary
if his decision is supported by substantial evidence."  *Hays*, 907 F.2d at 1456 (citations
omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he
language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court
uphold the Secretary's decision even should the court disagree with such decision as long as
it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to
make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d at 1456 (citations
omitted).  If the ALJ's factual finding, however, "was reached by means of an improper
standard or misapplication of the law," then that finding is not binding on the Court.
*Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if he
is unable "to do any substantial gainful activity by reason of any medically determinable physical
or mental impairment which can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a),

416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each

conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III. Analysis

In this matter, the ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 12-28. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 11, 2013, the onset date of his alleged disability. R. 14. At step two, under 20 C.F.R. §§ 404.1520(c), 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: "anxiety, depression, and post-traumatic stress disorder (PTSD)." *Id.* The ALJ stated that the listed impairments were severe because they, "more than minimally affected the claimant's ability to carry out basic work-related activities." *Id.* The ALJ also noted that Plaintiff suffered from "hypertension and obesity" but found them to be "non-severe impairments because they do not even minimally affect [Plaintiff's] ability to carry out basic, work-related activities." *Id.* In step three, the ALJ found that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. R. 16. Ultimately, the ALJ determined that Plaintiff did not have "an impairment or a combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 15. At step four, the ALJ determined that Plaintiff had the RFC "to perform a full range of work at all exertional levels, but is limited to simple, routine tasks; can make simple, work-

related decisions; can occasionally interaction [sic] with supervisors and coworkers, but cannot perform tandem tasks; and can never interaction [sic] with the public." *Id.* The ALJ then determined that Plaintiff was "capable of performing past relevant work as a housekeeper." R. 26. In coming to this conclusion, the ALJ relied upon the testimony of a vocational expert ("VE") and found that housekeeping work "does not require the performance of work-related activities precluded by [Plaintiff's RFC]." *Id.* Despite this finding, the ALJ went on to make "alternative findings for step five of the sequential evaluation process." *Id.* With the help of testimony from the VE, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." R. 26-27. Accordingly, Plaintiff's claims for DIB and SSI were denied. R. 27.

On appeal, Plaintiff raises a single issue that the ALJ's decision does not comply with the requirements articulated in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). Accordingly, Plaintiff requests that the Court grant summary judgment in his favor or, in the alternative, remand this matter to the Social Security Administration ("SSA") for a new administrative hearing. For the reasons set forth below, the Court **REVERSES** the ALJ's decision and **REMANDS** the matter for further proceedings.

### A. The ALJ's RFC assessment fails to meet the requirements of *Mascio* and *Thomas*.

In his motion, Plaintiff argues that despite having found that he suffered from moderate limitations in concentration, persistence, or pace, the ALJ failed to incorporate a corresponding limitation in the RFC or a sufficient explanation as to why no limitation was necessary. Pl.'s Mem. 9-15. Commissioner counters that the ALJ's RFC included sufficient limitations that took into account Plaintiff's moderate limitations to meet the requirements in *Mascio* as she included specific limitations for mental work-related activities. Comm'r's Mem. 5. Commissioner

further argues that the ALJ provided an explanation for why the RFC sufficiently accounted for Plaintiff's moderate limitations. *Id.* at 6.

In *Mascio*, the Fourth Circuit held that a RFC assessment must account for an ALJ's step three finding of moderate limitations in concentration, persistence, or pace beyond limiting a claimant to performing only "simple, routine tasks." *Mascio*, 780 F.3d at 638. This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in his RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* Civ. No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015). In performing an RFC assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. at 34,478) (internal quotation marks omitted).

> Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two. Indeed, our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.

*Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019) (citation omitted); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" (emphasis original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted))).

7

The functional area of concentration, persistence, or pace, "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3) (2012). Since *Mascio*, courts have reviewed various ALJs' attempts to include corresponding limitations in their RFC assessments for moderate limitations in this functional area,[1] but "[t]he law in this area continues to evolve . . . ." *Yvonne M. v. Comm'r, Soc. Sec.*, No. CV 18-2034-RDB, 2019 WL 2058834, at *2 (D. Md. May 9, 2019). The Fourth Circuit recently weighed-in on this issue with its ruling in *Thomas*. In that case, the ALJ found the plaintiff had moderate limitations in concentration, persistence, or pace, and concluded that she had an RFC to preform light work with the following additional mental limitations:

> [The plaintiff] is able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. She can have occasional public contact or interaction and frequent, but not continuous, contact or interaction with coworkers and supervisors. [She] must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting.

*Thomas*, 916 F.3d at 310 (citations omitted). In reversing the lower court's decision, the Fourth Circuit made it clear that when an ALJ finds a claimant has moderate limitations in concentration, persistence, or pace, the ALJ is expected to include specific conclusions about

---

[1] *See, e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, Civ. A. No. ADC-17-2666, 2018 WL 3941946, at *5 (D. Md. Aug. 16, 2018) (holding limitations for interactions with other individuals does not address concentration, persistence, or pace; rather it addresses social functioning); *McDonald v. Comm'r*, Civ. No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision' " was insufficient to meet *Mascio* requirements); *Steele v. Comm'r, Soc. Sec.*, Civ. No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (citing SSR 96-9P) (holding that when a RFC includes durational limitations an ALJ must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how limiting someone to breaks every two hours "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements).

how the claimant's "mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations." *Id.* at 312 (citing SSR 96-8P, 1996 WL 374184 at *2). The Court further opined that when an ALJ includes specific terminology in the limitations included in an RFC assessment, she must provide sufficient information so that the courts can understand what is meant by the term so that they can "assess whether their inclusion in [an] RFC is supported by substantial evidence." *Id.* (finding the terms "production rate" and "demand pace" to be "not common enough for [the Court] to know what they mean without elaboration").

As previously noted, at step three the ALJ found that Plaintiff suffered from moderate difficulties in concentration, persistence, or pace, and supported this conclusion with evidence from the record. R. 16-17. After making this determination, the ALJ went onto her RFC assessment and included the following limitations: "[Plaintiff is] limited to simple, routine tasks; can make simple, work-related decisions; can occasionally interaction [sic] with supervisors and coworkers, but cannot perform tandem tasks; and can never interaction [sic] with the public." R. 15. In light of *Thomas*, this RFC assessment fails to include sufficient corresponding limitations for Plaintiff's moderate difficulties in concentration, persistence, or pace.[2] *See Thomas*, 916 F.3d at 312 (requiring an ALJ explicitly address a claimant's ability to maintain "job-related tasks for a full workday"). While the ALJ's narrative discussion does include a detailed explanation of

---

[2] The newly articulated requirements of *Thomas* aside, it is well established that limitations to "simple, routine tasks" do not take into account an ALJ's findings of moderate limitations in concentration persistence, or pace. *See Mascio*, 780 F.3d at 638. Courts have also found a limitation to "simple, work-related decisions" as deficient limitations for accommodating a claimant's moderate limitations in his ability to stay on task. *See, e.g.*, *McDonald*, 2017 WL 3037554, at *4.

9

the evidence in the record and logically connects them to her RFC findings,[3] without explicitly addressing the issue of whether Plaintiff's "mental limitations affect [his] ability to perform job-related tasks for a full workday," *id.*, the ALJ has failed in her duty to "account for [her own] step three finding of moderate limitations in concentration, persistence, or pace . . . ." *Mascio*, 780 F.3d at 638; *see also Talmo*, 2015 WL 2395108, at *3. Furthermore, there is evidence in the record that raises the question of whether Plaintiff would in fact be able to maintain job-related tasks for a full workday without at least frequent interruptions or breaks. Specifically, in both his hearing testimony and his functional assessment, Plaintiff asserted that he had difficulty maintaining concentration and/or attention for more than 20 minutes at a time. *See, e.g.*, R. 46-47 (discussing Plaintiff's ability to concentrate); *see also, e.g.*, R. 251 (self-reporting that he is only able to pay attention for less than 20 minutes and that he "does not finish what he started"). Although the ALJ noted these difficulties in her decision, she failed to explain why they did not translate into additional limitations to Plaintiff's RFC. R. 16-17. An ALJ bears the burden of addressing conflicting evidence in the record. *Hays*, 907 F.2d at 1456 (citations omitted). It is not the Court's role to engage in reweighing of the evidence or step into the role of the finder of facts. *See id.* Accordingly, the Court finds that remand is warranted on this issue.

IV.     **Conclusion**

Based on the foregoing, the Court **REVERSES** and **REMANDS** this matter with specific instructions for the ALJ as outlined in the foregoing opinion. In making this decision, the Court

---

[3] *Talmo*, 2015 WL 2395108, at *3. In this case, after detailing specific examples and citing to evidence in the record, the ALJ summarized that the RFC assessment was supported by Plaintiff's "few mental abnormalities on exam, his positive response to medications, his gaps in treatment, his school and work activity, and the overall objective medical evidence of record." R. 26.

10

offers no opinion on the ALJ's ultimate determination that Plaintiff is not disabled within the meaning of the Social Security Law.

May 23, 2019               /s/
                           Charles B. Day
                           United States Magistrate Judge

CBD/clc